PER CURIAM.
This is an appeal from an order of the trial court denying a motion filed under Rule 3.850 CrPR, 33 F.S.A.
The appellant Dennis Manford Whitney was indicted for murder in the first degree. Trial thereon before a jury resulted in a verdict of guilty without recommendation of mercy. Adjudication of guilt and death sentence followed. On appeal therefrom by Whitney to the Supreme Court of Florida the judgment was affirmed. See Whitney v. State, Fla.1961, 132 So.2d 599.
On a first motion for relief under Rule 3.850 CrPR, which was denied, and on a second motion under said rule for relief the denial of which is the basis of this appeal, Whitney sought to have the judgment set aside contending the jury was biased against him due to adverse publicity.
However, from the record and the opinion rendered by the Supreme Court in *404 Whitney’s case it is apparent the relief sought by the current motion under Rule 3.850 was to avoid the death penalty which had been imposed. As disclosed in the Supreme Court’s opinion in 132 So.2d 599, 600-601, Whitney confessed the crime, and at trial stipulated to facts establishing his commission thereof.[1] The question as to validity of the action of the jury relating to the death penalty appears to be moot, as this -court takes note of the circumstance that subsequent to the recent decision of the Supreme Court of the United States dealing with capital punishment,[2] in action taken by the Circuit Court of Dade County the death penalty against Whitney in this case was vacated and a life sentence imposed.
Affirmed.

. “On February 29, 1960, Dennis Whitney, then seventeen years of age, while in the act of robbing a filling station killed one Keeler. Whitney entered the station armed with a .22 caliber pistol. He first shot Keeler, the attendant, through the face. The man fell but the wound was not fatal. He then methodically fired a second slug into the back of the head of the fallen man. Whitney then robbed the cash register of some $120. When apprehended on March 6, 1960, Whitney freely confessed. All of the foregoing is revealed by the stipulation mentioned at the outset. * * * ”

. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.